LAW OFFICES
PHELPS & MOORE
PROFESSIONAL LIMITED LIABILITY COMPANY
7430 EAST BUTHERUS DRIVE, SUITE A
SCOTTSDALE, ARIZONA 85260
(480) 534-1400
Jon L. Phelps (027152)
jon@phelpsandmoore.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **JUSTIN J. HENDERSON**, for himself and on behalf of all others similarly situated, <br><br> Plaintiff; <br><br> v. <br><br> **SUSAN B. ANTHONY LIST, INC.**, a Virginia Corporation; and **JOHN & JANE DOES 1–10**; and **DOES 1–10**, <br><br> Defendants. | Case No.: <br><br> **CLASS ACTION COMPLAINT** <br><br> *Jury Trial Demanded* |

Plaintiff Justin Henderson, on his own behalf and on behalf of all others similarly situated, for his Complaint and cause of action against Susan B. Anthony List, Inc. alleges as follows upon personal knowledge as to himself and his own acts and experiences:

**I.  PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Justin J. Henderson ("Henderson") was a citizen of Arizona at all times material to this complaint.

2. Defendant Susan B. Anthony List, Inc. ("SBA List") is a Virginia Corporation that is a 501(c)(4) non-profit organization with its principal office located at 1200 New Hampshire Ave NW Suite 750, Washington, DC 20036.

3. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this Complaint alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 227(E) and 28 U.S.C. § 1391.

5. This Court has personal jurisdiction over Defendant because it purposely directed tortious and illegal conduct at the forum out of which the claims herein arise, thus satisfying the requirements of specific jurisdiction because the exercise of *in personam* jurisdiction as to each Defendant comports with "fair play and substantial justice."

## II. SUMMARY OF THE CASE

6. Henderson's allegations are based upon personal knowledge as to himself and his own acts, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

7. SBA List is a political group advancing laws to eliminate the reproductive choices of Americans.

8. SBA List is headquartered in Washington, DC.

9. SBA List operates under many fictitious names including "Susan B. Anthony Pro-Life America" and "Susan B. Anthony Education Fund."

10. SBA List targets Arizona residents with its political messages.

11. Henderson and Class Members have no relationship with Defendant, and never provided their telephone numbers to Defendant.

12. Nevertheless, Defendant embarked on an unsolicited text message campaign, causing Henderson and class members injuries, including invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

13. Through this action, Henderson seeks injunctive relief to halt Defendants' illegal conduct.

14. Henderson also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

### III. TCPA

15. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

16. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

17. The TCPA prohibits communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs.*, LLC, 565 U.S. 368 (2012).

18. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

19. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

20. A defendant must demonstrate that it obtained the plaintiff's prior express consent before using an automatic dialing system to contact an individual. *See In the Matter*

3

*of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

21. Lastly, with respect to standing, as recently held by the United States Court of Appeals for the Ninth Circuit:

> Unsolicited [] phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA "need not allege any additional harm beyond the one Congress has identified."

*Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016)).

22. Similarly, the United States Court of Appeals for the Second Circuit recently held that the receipt of an unsolicited call "demonstrates more than a bare violation and satisfies the concrete-injury requirement for standing." *Leyse v. Lifetime Entm't Servs., LLC*, Nos. 16-1133-cv, 16-1425-cv, 2017 U.S. App. LEXIS 2607 (2d Cir. Feb. 15, 2017) (citing *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 725 F.3d 65, 105 (2d Cir. 2013) ("The injury-in-fact necessary for standing need not be large; an identifiable trifle will suffice."); *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 819-21 (8th Cir. 2015) (holding that receipt of two brief unsolicited robocalls as voicemail messages was sufficient to establish standing under TCPA); *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1252 (11th Cir. 2015) (holding that injury under similar TCPA provision may be shown by one-minute occupation of fax machine)).

**IV.  GENERAL ALLEGATIONS**

23. Defendant embarked upon an intrusive automated text messaging campaign to promote its anti-choice political agenda.

4

24. On December 1, 2021, Defendant placed, or caused to be placed, an automated text message to Henderson's cellular telephone number ending in 4602 ("4602 Number"):



25. When Henderson clicked on the included hyperlink, it transferred him to a website with prerecorded videos produced by and posted on YouTube by SBA List.

26. The text message also included a prerecorded .mp4 video file that was downloaded to Henderson's phone.

27. Henderson received the subject text within the State of Arizona, therefore, Defendant's violation of the TCPA occurred within the State of Arizona.

28. Upon information and belief, Defendant caused similar texts to be sent to individuals residing within Arizona.

29. At no point in time did Henderson provide Defendant with his express consent to be contacted by telephone using an ATDS.

30. Henderson is the subscriber and sole user of the 4602 Number.

31. On, or about, July 19, 2022, Defendant placed, or caused to be placed, an automated text message to Henderson's 4602 Number:



32. The text message included a prerecorded .mp4 video file that was downloaded to Henderson's phone.

6

33. Henderson received the subject text within the State of Arizona, therefore, Defendant's violation of the TCPA occurred within the State of Arizona

34. Upon information and belief, Defendant caused similar texts to be sent to individuals residing within Arizona.

35. Upon information and belief, the phone numbers that Defendants used to send the text messages are assigned to Voice Over Internet Protocol ("VOIP") providers.

36. VOIP enables use of the internet to transmit, *inter alia*, text messages and phone calls rather than a traditional circuit with the Public Switched Telephone Network. https://www.webopedia.com/definitions/voip/ (last visited July 27, 2022).

37. Sending VOIP text messages requires the uses of a computer connected to the internet. A computer has the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator". 47 U.S.C. § 227(b)(1).

38. Both reported phone numbers for the text messages report that the telephone numbers are not in service.

39. Upon information and belief, Defendant "spoofed" telephone numbers to make it appear that the text messages were coming from someone other than Defendant, with the intent to deceive the recipient into opening and reading the text message. *See Jance v. Homerun Offer LLC*, 2021 WL 3270318 , at *14(D. Ariz. July 30, 2021).The impersonal and generic nature of Defendant's text message, especially when combined with the deceitful spoofing of telephone numbers, demonstrates that Defendant (or its agents) utilized an ATDS in transmitting the messages. *See id. at* *4 (finding allegations of TCPA violation based on "phone numbers … attributed to VoIP and misleading caller ID information" supported a finding that it was plausible defendant used an ATDS); *Zeidel v. Nat'l Gas & Electric, LLC*, 2019 WL 2161546, at *3 (N.D. Ill. May, 17, 2019) (recognizing that "[i]n addition to violating

7

the TCPA's prohibition on falsified caller identification information, 47 U.S.C. § 227(e)(1), the use of 'spoofed' numbers can also suggest the use of an ATDS.") (quoting *Spiegel v. Engagetel*, 2016 WL 5477529, at *1-4 (N.D. Ill. Sept. 29, 2016) (denying a motion to dismiss where the plaintiff alleged calls were made with spoofed numbers); *Jenkins v. LL Atlanta, LLC*, No. 1:14-cv-2791-WSD, 2016 U.S. Dist. LEXIS 30051, at *11 (N.D. Ga. Mar. 9, 2016) ("These assertions, combined with the generic, impersonal nature of the text message advertisements and the use of a short code, support an inference that the text messages were sent using an ATDS.") (citing *Legg v. Voice Media Grp., Inc.*, 20 F. Supp. 3d 1370, 1354 (S.D. Fla. 2014) (plaintiff alleged facts sufficient to infer text messages were sent using ATDS; use of a short code and volume of mass messaging alleged would be impractical without use of an ATDS)); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) (finding it "plausible" that defendants used an ATDS where messages were advertisements written in an impersonal manner and sent from short code); *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1130; *Robbins v. Coca-Cola Co.*, No. 13-CV-132-IEG NLS, 2013 U.S. Dist. LEXIS 72725, 2013 WL 2252646, at *3 (S.D. Cal. May 22, 2013) (observing that mass messaging would be impracticable without use of an ATDS)).

40. Moreover, the text messages do not identify the intended recipient by name nor provide any identifiable characteristic of the intended recipient; rather, the text message is drafted so that it can be sent out *en masse* without variation.

41. Defendant's unsolicited texts caused Henderson actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

42. Defendant's text messages also inconvenienced Henderson and caused disruption to his daily life.

8

## **DEFENDANT WILLFULLY AND KNOWINGLY VIOLATED THE TCPA**

43. SBA List was the defendant in a previous class action alleging violations of the TCPA like those alleged in this Complaint. *See* Complaint, *Wijesinha v. Susan B. Anthony List, Inc.*, 18-cv-22880-JEM (S.D. Fla. July 17, 2018).

44. Defendant settled that class action, but has continued to violate the TCPA.

45. Defendant's ongoing violations of the TCPA are therefore willful and knowing, which allows recovery of treble damages. *See*, *e.g.*, *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768 (11th Cir. 2011).

## **V. CLASS ALLEGATIONS**

46. Courts regularly certify class actions seeking redress under the TCPA. *See*, *e.g.*, *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036 (9th Cir. 2012) (affirming certification of provisional class under TCPA).

### **A. Proposed Class**

47. Henderson brings this case as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself and all others similarly situated.

48. The proposed class members (the "Class") are readily ascertainable.

49. The number and identity of the Class are determinable from the records of Defendant.

50. For purpose of notice and other purposes related to this action, upon information and belief, the names and addresses of the Class are readily available from Defendant.

51. Notice to the Class can be provided by means permissible under FRCP 23.

52. Henderson brings this case on behalf of the below defined Class:

> All persons within the United States (1) who, within the four years prior to the filing of this Complaint; (2) were sent a text message; (3) from Defendant or anyone on Defendant's behalf; (4) to the person's cellular telephone number; (5) using the same equipment, or type of equipment, used to text Henderson's cellular telephone; (6) without the recipient's prior express consent.

9

53. Defendant and their employees or agents are excluded from the Class.

54. Henderson does not know the number of members in the Class but believes the number to *at least* be in the thousands, if not tens-of-thousands (or millions).

### B. Numerosity

55. Upon information and belief, Defendant has placed automated text messages to cellular telephone numbers belonging to thousands of individuals throughout the United States without their prior express consent.

56. Upon information and belief, the members of the Class are so numerous that joinder of all members is impracticable.

57. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery.

58. Identification of the Class members is a matter capable of ministerial determination from Defendant's text message records.

### C. Common Questions of Law and Fact

59. There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members of the Class.

60. Among the questions of law and fact common to the Class are:

  (i) Whether Defendant made non-emergency text messages to Plaintiff and Class members' cellular telephones using an ATDS;

  (ii) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such text messages;

  (iii) Whether Defendant's conduct was knowing and willful;

  (iv) Whether Defendant is liable for damages, and the amount of such damages; and

  (v) Whether Defendant should be permanently enjoined from such conduct in the future.

61. The common questions in this case will have common answers. If Henderson's claim that Defendant sent text messages to telephone numbers assigned to cellular telephone services is accurate, Henderson and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. Typicality

62. Defendant has acted on grounds equally applicable to the entire Class, making final relief appropriate to the Class as a whole.

### E. Adequacy of Representation

63. Henderson can fairly and adequately protect the interests of the Class and has no interests antagonistic to the same; to the extent necessary and appropriate, additional putative representatives of the Class may be named as plaintiffs by way of amendment.

64. Plaintiff is represented by counsel who are experienced and competent in both class actions and consumer rights litigation.

65. Counsel are willing and able to devote the legal and financial resources necessary for the successful prosecution of this action.

66. Henderson will fully and adequately assert and protect the interests of the Class and has retained competent counsel that has previous experience in class action litigation. *Zwicky et. al. v. Diamond Resorts International et. al.*, District of Arizona 2:20-CV-02322-PHX-DJH. Accordingly, Henderson is an adequate representative and will fairly and adequately protect the interests of the Class.

### F. Superiority

67. Class action treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that individual actions would entail.

68. Further, the dollar amounts of each individual claim are too small to economically justify full-blown litigation efforts against Defendant with the result that most

of the individual claims of the Class would otherwise go unremedied, and SBA List would be allowed to continue harassing people despite knowing that its conduct is illegal.

69. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

70. Individual litigation would also pose a risk of inconsistent adjudications on identical facts and identical legal issues.

71. Individual litigation may also be dispositive of the interests of the Class, although certain class members are not parties to such actions.

72. For the foregoing reasons, class treatment is superior to all other available methods for the fair and efficient adjudication of this lawsuit as it represents the most efficient and effective use of the Court's limited resources and the most efficient and effective way of vindicating the rights of the Class.

### VI. CAUSE OF ACTION - VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(B)

73. All foregoing allegations are incorporated herein by reference.

74. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

75. The TCPA defines an "automatic telephone dialing system" (hereinafter "ATDS") as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." Id. at § 227(a)(1).

76. Defendant – or third parties directed by Defendant – used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such

numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class.

77. These text messages were sent without regard to whether Defendant had first obtained express permission from the text messaged party to make such text messages. In fact, Defendant did not have prior express consent to text message the cell phones of Plaintiff and the other members of the putative Class when its text messages were made.

78. Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to send non-emergency telephone text messages to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

79. All Defendants are directly, jointly, or vicariously liable for each such violation of the TCPA.

80. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and Class Members were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

81. Because Defendant's actions were willful and knowing, Plaintiff and Class Members are entitled to treble damages.

82. Henderson and the class are also entitled to a permanent injunction against future calls or text messages.

**WHEREFORE,** Henderson, for himself and on behalf of all others similarly situated, respectfully prays for the following relief:

A. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

B. A declaration that Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

13

C. An injunction prohibiting Defendant from using an automatic telephone dialing system to call or text message telephone numbers assigned to cellular telephones without the prior express consent of the called party;

D. An award of actual, statutory damages, and/or trebled statutory damages; and

E. Certification of the Class for the claim brought herein pursuant to Federal Rule of Civil Procedure 23; and

F. For such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 29th day of July, 2022.

*/s/ Jon L. Phelps*
Jon L. Phelps (027152)
PHELPS & MOORE PLLC
7430 East Butherus Drive, Suite A
Scottsdale, AZ 85260
(480) 534-1400
jon@phelpsandmoore.com